## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                       Criminal Action No. 1:05CR108

**STEPHANIE N. MCCORT,**

    **Defendant.**

### REPORT AND RECOMMENDATION/OPINION

    This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. On the 10th day of February, 2006, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by Sharon L. Potter, Assistant United States Attorney, and also came the defendant, Stephanie N. McCort, in person and by her attorney, Scott S. Radman.

    Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Four of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to summarize the agreement and tender the original to the Court.

    Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Stephanie N. McCort, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated January 9, 2006, and signed by her on January 12, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Four of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in Count Four of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and non-binding stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from

that which she expected. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed Count Four of the Indictment in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Four of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on the charge contained in Count Four of the Indictment was imprisonment for a period of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to a term of three (3) years supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; and understood that the Court might require her to pay the costs of his incarceration and supervised release. Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted, and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned further inquired of Defendant, her counsel, and the government, as to the non-binding Stipulation contained in the written Plea Agreement, that provides:

> Pursuant to U.S.S.G. Sections 6B1.4, 1B1.3 and 2D1.1 [Application Note 12], the parties hereby stipulate and agree that

> a) the total drug relevant conduct of Defendant is between 150 and 500 grams of cocaine base, also known as crack, and is premised on the following:
>
> – crack cocaine seized from Belmont Inn in Fairmont (approximately 28 grams)
> – crack cocaine seized from Akron, Ohio storage locker (approximately 186 grams)
> – a conversion of the $16,799.00 found at these two locations based on $100/gram (168 grams)
>
> b) Defendant should be granted a "mitigating role" reduction pursuant to Guideline 3B1.2 of two levels. Defendant shall have the ability to argue for a third level consideration by the Court.

No further agreement or stipulations have been reached as to any other relevant conduct or specific offense characteristics, and agree that all other sentencing determinations will be resolved by the Court.

The undersigned then determined that Defendant understood the Court is not bound by the above stipulation and is not required to accept same. Defendant further understands and agrees that should the Court not accept the above stipulation, she will not have the right to withdraw her plea.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her waiver of her direct and collateral appeal rights as contained in her written plea agreement, and determined she understood those rights and voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Four of the Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting the distribution of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Officer Raymond Fluharty, and Defendant's allocution as to why she believes she is guilty of the crime charged in Count Four of the Indictment. Officer Fluharty testified he was investigating Defendant and her co-defendant Michael Lewis. On October 6, 2005, a State Police Bureau of Criminal Investigations Undercover Agent placed a call to a middle man, and then went to apartments on Country Club Road/ Goose Run Road in Marion County, West Virginia, within the Northern District of West Virginia, to make a purchase of crack cocaine. Defendant arrived with her co-defendant, Michael Lewis, in a multicolored Chevy Cavalier. Defendant was in the passenger seat. The undercover officer purchased crack cocaine from Defendant and Lewis through middlemen Chuck Hess and Joe Hess. The controlled buy was recorded on videotape. The crack cocaine was tested by the West Virginia State Police Laboratory, and was confirmed to be a little less than one gram of crack cocaine. The "buy money" was photographed.

The officers obtained a search warrant several days later for a hotel room at the Belmont Motor Inn, in Fairmont, Marion County, West Virginia, where Defendant and Lewis were staying. They executed the search warrant on October 12, 2005. They had made another controlled buy the previous night. Cash recovered from the hotel room occupied by Defendant and Lewis matched the buy money from the controlled buy.

Defendant then testified she was guilty of the crime charged in Count Four of the Indictment because she was helping Michael Lewis sell crack. She knew it was crack. The events happened the way Officer Fluharty testified.

From the testimony of Officer Raymond Fluharty, the undersigned Magistrate Judge concludes the offense charged in Count Four of the Indictment is supported by an independent basis

in fact concerning each of the essential elements of the offense. This conclusion is supported by Defendant's allocution and the stipulation of the parties.

Thereupon, Defendant, Stephanie N. McCort, with the consent of her counsel, Scott S. Radman, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Four of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Four of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in Count Four of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said Count Four of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984),

*cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

Defendant is continued in the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 15th day of February, 2006.

/s *John S. Kaull*

    JOHN S. KAULL
    UNITED STATES MAGISTRATE JUDGE